GAGNE, Collector of Internal Revenue, v. BRUSH.

In re CULLEN HARDWARE CORPORATION.

No. 4480.

District Court, D. New Hampshire.
Jan. 10, 1940.

Alexander Murchie, U. S. Atty., of Concord, N. H., for Collector Gagne.

No appearance for Brush.

MORRIS, District Judge.

The Cullen Hardware Corporation was adjudged a bankrupt February 13, 1939, upon an involuntary petition filed by its creditors January 25, 1939.

The matter was referred to the Referee in Bankruptcy and at the first meeting of creditors Larkin M. Brush was appointed trustee and duly qualified as such.

The store of the corporation was entirely destroyed by fire on December 15, 1938. There was no collectable insurance because of the incendiary origin of the fire. The assets of the bankrupt estate consist of a few items of hardware contained in a storehouse and the accounts receivable on the books of the corporation. The foregoing facts appear in the files in this court.

Miss Isabel E. Shea, a former employee of the Cullen Hardware Corporation, was, by permission of the Court, engaged in a clerical capacity to assist the trustee in collecting the accounts. Her wages were paid out of funds belonging to the bankrupt estate in the hands of the trustee.

On August 14, 1939, the Collector of Internal Revenue filed with the Referee in Bankruptcy a claim for taxes against the corporation on account of the employment of Miss Shea by the trustee in bankruptcy. The amount included the employer's excise tax of $2.03 with interest, and the employees' income tax amounting to $2.03 with interest. The taxes were assessed under the provisions of 801 and 804, Title VIII, of the Social Security Act, 42 U.S.C.A. §§ 1001, 1004.

On December 7, 1939, the Referee disallowed the claim as being one under Section 811 of the Social Security Act, subdivision (b) (6), 42 U.S.C.A. § 1011(b) (6), "Services performed in the employ * * * of an instrumentality of the United States."

On December 15, 1939, the Collector filed a petition for review which was granted.

The matter came on for hearing before the Court December 28, and was argued by counsel for the government.

Section 801, Title VIII, of the Social Security Act, provides: "in addition to other taxes, there shall be levied, collected, and paid upon the income of every individual a tax equal to the following percentages of the wages (as defined in section 1011) received by him after December 31, 1936, with respect to employment (as defined in section 1011 of this chapter) after such date: * * * With respect to employment during the calendar years 1937, 1938, and 1939, the rate shall be 1 per centum. * * *"

Section 804 provides: "In addition to other taxes, every employer shall pay an excise tax, with respect to having individuals in his employ, equal to the following percentages of the wages (as defined in section 1011 of this chapter) paid by him after December 31, 1936, with respect to employment (as defined in section 1011 of this chapter) after such date: (1) With respect to employment during the calendar years 1937, 1938, and 1939, the rate shall be 1 per centum. * * *"

The assessment and collection of taxes under the above sections of the statute are subject to certain exceptions found in Section 811 of the act. This section defines the term "employment" as meaning, "any service, of whatever nature, performed within the United States by an employee for his employer, except—* * * (6) Service performed in the employ of the United States Government or of an instrumentality of the United States."

The Referee disallowed the claim holding that Miss Shea's services were "performed in the employ of an instrumentality of the United States."

This presents the real question of whether a trustee in bankruptcy, in the performance of his duties, is an "instrumentality of the United States."

Article 1, Section 8, of the Constitution of the United States, U.S.C.A., enumerates among other powers of Congress, the power to "establish * * * uniform Laws on the subject of Bankruptcies throughout the United States;" and to "constitute Tribunals inferior to the supreme Court."

Such a tribunal is the present Court of Bankruptcy, established July 1, 1898.

The authority of Congress to enact a uniform law on the subject of bankruptcy includes the authority to provide for its administration, to select and designate the courts which are to have jurisdiction under it, and to regulate the modes of procedure. The statute provides, that Courts of Bankruptcy, "shall include the district courts of the United States * * *". "Judge"

shall mean a judge of a Court of Bankruptcy, not including the referee; and "'officer' shall include clerk, marshal, receiver, referee, and trustee." 11 U.S.C.A. § 1 (10, 20, 22).

While it is provided that a trustee may be appointed by the creditors at their first meeting, his duties are prescribed by statute and in order to qualify for the office he must give a bond to the United States for the faithful performance of his duties and if he defaults he is subject to prosecution under the laws of the United States. His compensation is fixed by Federal statutes and he is required to deposit all bankruptcy funds in a designated depository.

The trustee does not stand in the relationship of an employee of the bankrupt but as an officer of the Bankruptcy Court which is an adjunct of the Federal Government.

The tax appears to have been assessed against the corporation and Miss Shea as an employee of the same.

The corporation had no property, never will have, and was not engaged in any business. Its liabilities amount to approximately $44,000 and its assets around $12,000. The assets, except such as are necessary for the expenses of administration, belong to the creditors. Miss Shea was not an employee of the corporation, her employment was authorized by the Court to assist the trustee in collecting the book accounts of the defunct corporation. Her relation to the Court is practically the same as that of the trustee. Her relation to the bankrupt corporation is likewise the same as that of the trustee. If a tax can be assessed against her it can be assessed against the trustee, there is no severance, as both stand in the same relation. No suggestion has been made that a tax should be, or can be, assessed against the trustee.

I hold that a trustee in bankruptcy is an "instrumentality of the United States" and not subject to an excise tax under the Social Security Act. I hold that Miss Shea stands in the same relation as the trustee and is not subject to the tax.

The amount involved in this particular case would hardly seem to warrant the time expended in determining the questions in issue, but, as it is argued that the question is of great importance and undetermined, I have given the matter careful consideration.

The order is, Referee's ruling affirmed,