In the Matter of Estate of Edward J. Kaindl, Deceased, Claim of the County of Cook.
The County of Cook, Claimant-Appellant, v. John C. Richert, Executor of Last Will and Testament of Edward J. Kaindl, Deceased, Appellee.

Gen. No. 45,824.

Opinion filed November 6, 1952. Rehearing denied November 24, 1952. Released for publication December 9, 1952.

JOHN S. BOYLE, State's Attorney of Cook County, of Chicago, for appellant; GORDON B. NASH, MELVIN F. WINGERSKY, MEYER H. GOLDSTEIN, and MERRILL B. MEYER, Assistant State's Attorneys, all of Chicago, of counsel.

SCHUYLER, RICHERT & STOUGH, of Chicago, for appellee; JAY STOUGH, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

From December 1, 1935, to his death on August 29, 1948, Edward J. Kaindl was Recorder of Deeds of Cook county. During that period he collected various fees for acting as successor trustee or trustee under trust deeds in the nature of a mortgage, and principally in connection with executing releases of trust deeds in which the County Recorder of Cook county was designated successor trustee. His designation as successor trustee or as trustee was not in any case by name "Edward J. Kaindl" but was in every instance a designation of "County Recorder of Deeds of Cook County, Illinois," "Acting Recorder of Deeds of Cook County," "County Recorder of Cook County," or some similar designation referring to whoever might at the time be the Recorder of Deeds of Cook county. These desig-

nations were made without the solicitation or knowledge of Mr. Kaindl. The original trustee named in the various trust deeds was in practically all cases some natural person described by his proper name.

Shortly after Mr. Kaindl took office he opened an account with the First National Bank of Chicago in the name of "Edward J. Kaindl, successor in trust fund." All moneys and fees collected and received by him in his capacity as successor in trust or trustee under the trust deeds designating the Recorder of Deeds of Cook county as successor in trust or trustee during his term of office were deposited by him in the described bank account. The total of such fees so collected and deposited, including $1,025.77 transferred from a previous recorder, less premiums paid on surety bonds, is $18,738.45. No withdrawals or disbursements were made from the fund during the lifetime of Mr. Kaindl except for the premium payments. An employee in the recorder's office checked the release deeds and canceled notes when anyone sought a release wherein the recorder was named as successor trustee. A set schedule of fees, according to the amount of the indebtedness, was charged for the release deeds and the county employee kept records of such releases in books used for county records. The employee was paid wholly from county funds by the County Treasurer, as any other county employee. The general order book of the County Recorder's office was used by individuals seeking releases when they placed an order therefor with the office of the recorder. That book was also used by the recorder's office for abstract orders and chancery searches. When the fee was paid by the individual he was given an official county recorder receipt used by the recorder in other business of the office. The receipt was stamped by the cashier in the recorder's office and the money placed in the

302

county till and mingled with other moneys in the office, and entries were made in the daily cash receipt reports and thereafter entered in the general account book of the recorder's office. At all times, however, such receipts were shown as arising from the execution of release deeds by Mr. Kaindl as successor trustee, etc., and the exact amount of receipts was from time to time taken by him from his county recorder funds with which they had been mingled, and placed in the account in the First National Bank of Chicago, standing in the name of "Edward J. Kaindl, successor in trust fund."

Clayton F. Smith was, from December 1, 1928 to November 30, 1935, the Recorder of Deeds of Cook county. He, as successor trustee, collected $4,746 from December 1, 1928 to November 30, 1934, which was kept in a special successor trustee account, and remitted to the County Treasurer of Cook county. From December 1, 1934 to November 30, 1935, Mr. Smith collected the further sum of $1,025.77 in successor trustee fees which he turned over to Mr. Kaindl, as successor in office. Salomea Jarnowski, who was the Recorder of Deeds from March 31, 1928 to November 30, 1928, collected $526 as successor trustee, which was remitted to the County Treasurer. Joseph Haas was Recorder of Deeds from December 1, 1920 to March 30, 1928, and remitted $2,102 to the County Treasurer as and for successor trustee fees which he collected while acting as recorder. Nathan Balter was recorder from August 30, 1948 to September 8, 1948, and remitted $51 to his successor, Victor Schlaeger, as and for trustee fees while acting as recorder. During the incumbency of Mr. Kaindl as Recorder of Deeds of Cook county he received semiannually audit reports from the County Auditor showing the amounts of the balance in fees received as successor trustee, which

amounts were the same as the balances from time to time standing in the account hereinbefore mentioned at the First National Bank of Chicago. In these reports the County Auditor stated: "This represents fees collected by the Recorder (when acting as Successor Trustee) for executing Release Deeds on mortgaged property subject to Trust Deeds, in which the Recorder is named either First or Second successor in Trust. In our opinion the above amount should be remitted to Cook County, as fees." Except insofar as the semiannual reports reflected the account, at no time during the life of Mr. Kaindl did the County of Cook, or any officer, agent or representative of it, demand or request of him that he turn over the whole or any part of the moneys from time to time standing in the account.

Letters testamentary were issued by the probate court of Cook county to John C. Richert, as executor of the estate of Edward J. Kaindl, deceased. The County of Cook filed a claim in the estate for $18,738.45. The county's claim was allowed. On appeal to the superior court of Cook county a judgment was entered disallowing the claim, to reverse which the county prosecutes this appeal. The parties stipulated on the facts.

The county maintains that all fees for executing release deeds (or releases of trust deeds), processed by county employees using county books, records and county working hours, collected by them for the Recorder of Deeds as a successor in trust or successor trustee by virtue of his incumbency of his office of Recorder of Deeds, belong to it and not to the recorder. The executor contends that the county's claim was properly disallowed since it is one for moneys earned by Mr. Kaindl in performing private services outside of his official duties as recorder. Section 8 of article X

 

of the Constitution establishes the office of "Recorder of Deeds." Section 9 of the same article states that the Recorder of Deeds of Cook county shall receive as his only compensation for services a salary to be paid out of the fees actually collected and that all fees, perquisites and emoluments above the amount of the salary shall be paid to the County Treasurer. Section 10 of the same article provides that the compensation of no officer shall be increased or diminished during his term of office, and that all fees or allowances by them received in excess of their compensation shall be paid into the county treasury. Paragraph 49, ch. 53, Ill. Rev. Stat. 1951 (§ 31, ch. 53) [Jones Ill. Stats. Ann. 48.032] provides that the Recorder of Deeds of Cook county shall receive as the only compensation for services rendered "in the capacity of recorder or in any other capacity" the sum of $9,000 per annum. The county calls our attention to paragraphs 9 to 11 of chapter 95, Ill. Rev. Stat. 1949, providing for the release of mortgages; also to paragraphs 20 to 28 inclusive, of chapter 102, Ill. Rev. Stat. 1949, containing provisions for accounting for public funds.

The county states that the designation in the various instruments of the office of Recorder of Deeds cast upon the occupant thereof the function of a successor in trust or successor trustee, as the case might be, and says that to permit the recorder to retain fees as compensation for services rendered in any capacity would run counter to the prohibitive principles and mandate set forth in paragraph 49 of chapter 53, Ill. Rev. Stat. 1949, that the recorder shall be paid as his only compensation for his services rendered in the capacity of recorder or in any other capacity, the sum of $9,000 per annum; that a successor in trust or successor trustee is a "capacity"; that Mr. Kaindl's authority and qualification to act stemmed from his occupancy

of office of recorder; and that his acting as successor in trust or successor trustee is "any other capacity" within the meaning of the statute. The county also insists that in section 9 of article X of the Constitution there is a distinct mandate to pay over all fees, perquisites and emoluments "above the amount of said salaries." The claimant also asserts that under paragraphs 9 to 11 of chapter 95, Ill. Rev. Stat. 1949, it was incumbent upon the recorder to enter a release or satisfaction, or execute a release, as the case might be, in appropriate cases.

██ The county, in order to recover, must establish that Mr. Kaindl was acting as a public official in executing the release deeds. It does not point out any law which makes it the duty of the county recorder as such to execute release deeds in cases where he is named in trust deeds as trustee or successor in trust. The county places reliance on the fact that Mr. Kaindl used deputy recorders, official receipts and county record books in the transactions. The executor suggests that had Mr. Kaindl performed these services in an office distinct from the recorder's office and by servants or agents who were not also performing official duties for which they were being paid by the county, the latter "would have probably not even made a claim." The executor says that the county's claim is not for moneys received in the performance of public services, but for moneys received for private services performed during the time he was recorder and in the performance of which services some of his deputies participated and some of the county books were used. This, in substance, is a claim based upon the *quantum meruit* doctrine. The doctrine of *quantum meruit* does not apply in the case of a public office. The salary or compensation of an officer is not payable by reason of any contract between the officer and the municipality

306

for which he works. The salary belongs to him as an incident of his office and so long as he holds it. The compensation to which the officer is entitled does not depend upon whether he performs the duties of the office wholly, partly or neglects to perform them entirely. The salary is an incident to the office and is in no sense compensation contracted for in return for services performed. See *People ex rel. Dinneen v. Bradford,* 267 Ill. 486; *Bullis v. City of Chicago,* 235 Ill. 472; *Kelly v. Chicago Park District,* 409 Ill. 91, 96; and *People ex rel. Chicago v. Schreiber,* 322 Ill. App. 452. The stipulation as to the facts does not intimate that the assistants who prepared the release deeds, collected the fees and gave the receipts therefor, did so detrimentally to their official duties. The fact that assistants and deputies in the recorder's office and the books thereof were used in executing the release deeds does not tend to establish the claim of the county. In *Dinneen v. Bradford,* which was a mandamus action by one commissioner against the other commissioners and Mayor of the City of Ottawa to compel them to issue warrants for his salary as commissioner, to the defense that the relator had not discharged any of the duties of his office but wilfully neglected the same and abandoned his office, and the right to his salary as commissioner, our Supreme Court answered that such defense, if true, could not preclude the awarding of the writ.

██ ██ The fact that Mr. Kaindl received fees for executing the release deeds while he was recorder does not entitle the county to such fees unless it can be established that the release of the trust deeds was an official act performed by him as recorder. Our attention has not been called to any statute or county board resolution, nor have we been able to find any statute or resolution, requiring the Recorder of Deeds as part of

■■■■■■■■■■■■■■

■■■■■■■■■■■■■■

his official duties to execute the release of trust deeds wherein he is named successor in trust; neither is there any law fixing the amount which a successor in trust may charge to execute releases. With respect to the statutory provision that the recorder shall receive a salary to be paid out of the fees actually collected as his only compensation for services rendered as recorder or in any other capacity, we are of the opinion that the phrase "or in any other capacity" means in any other official capacity. The meaning of the phrase "or in any other capacity" becomes manifest when we recognize that the official duties of the recorder are considerably greater and different than the mere duties of recording, or from the duties that would be normally incident to the office. He is now required by the statute to furnish abstracts. This duty, as pointed out in *Brockway v. Cook County,* 15 Ill. App. 560, which arose before the enactment of the statute making it a part of the duties of the recorder to prepare abstracts, was not a duty incident to his office as such. He is also the Registrar of Deeds and is required to issue Torrens certificates. He has also been required to file and furnish photostatic copies of military discharges. It is the services required by the statute to be rendered in these various official capacities to which the phrase is applicable and not private services such as any individual could perform as appropriately as the recorder.

■■■ In the *Brockway* case it was held that the County Recorder of Cook county was entitled to retain from the fees received by him for making abstracts the reasonable amount which he withheld in his accountings with the county. This was so, notwithstanding he certified to the abstracts as county recorder and affixed his official seal thereto and charged a set schedule of fees which had been fixed and established by the county board. In *People ex rel. v. Schreiber,* 322 Ill. App. 452;

we held that the city clerk was entitled to retain the fees he collected for issuing state fishing and hunting licenses notwithstanding a provision of the Municipal Code of Chicago limiting his compensation to $8,000 a year. The same rule has been announced in the following cases: *Evans v. City of Trenton,* 24 N. J. L. 764; *City of Detroit v. Redfield,* 19 Mich. 376; *Moore v. Sheppard,* 144 Texas 537, 192 S. W. (2d) 559; *Groesbeck v. Fuller,* 216 Mich. 243, 184 N. W. 870, 21 A. L. R. 249 ann. p. 258. It is interesting to note that the article on "Officers," sec. 88, page 325, 67 C. J. S., states that the addition of new duties germane to the office does not entitle a public officer to extra compensation therefor, but he may recover proper remuneration for services performed by request, not part of the duties of his office, and which could have been appropriately performed by anyone else. The designation in the trust deeds of the county recorder was descriptive of the person. The services which Mr. Kaindl performed in releasing trust deeds were not public services, nor was he under any official duty as recorder to perform them. In our opinion the contention of the county is without merit.

Finally, the county urges that the trial judge erred in overruling its objections to the testimony of Attorney Thomas Matousek. The case has been decided on the stipulation as to the facts and the law applicable thereto. The county was not harmed by the introduction of Mr. Matousek's testimony.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

FRIEND, P. J. and NIEMEYER, J., concur.