Hillsborough,
No. 4298.

NEWELL BROWN, *Director, Division of Employment Security, Department of Labor*

*v.*

DONAT CORRIVEAU.

Argued April 6, 1954.

Decided April 21, 1954.

*Winslow H. Osborne* and *James M. Riley, Jr.* (*Mr. Osborne* orally), for the Director.

*Normand R. Pelletier* (by brief and orally), for Corriveau.

DUNCAN, J. The question transferred presents the sole issue of whether the defendant Corriveau is liable as an employer, for contributions with respect to "wages for employment" under the Unemployment Compensation Law (R. L., c. 218, s. 6, as amended) because of payments made by him to individuals working in the Hillsborough county registry of deeds who are hired and paid by him to assist him in the performance of his duties as register. The issue is governed by the provisions of clause (g) paragraph (4), subsection I, of section 1 of the act (R. L., c. 218, *supra*), which provides as follows: "The term 'employment' shall not include: . . . Service performed in the employ of this state or any other state or of any of the political subdivisions thereof or of any instrumentality of this state or any other state or any of the political subdivisions thereof." This provision in its present form

has been a part of the law since 1941 (Laws 1941, *c.* 103, *s.* 4), and first appeared in somewhat different form in 1937. P. L., *c.* 179-A, *s.* 1 I (4), (d), (e), as inserted by Laws 1937, *c.* 178, *s.* 1.

It is not disputed that the county of Hillsborough is a political subdivision of this state, and that the defendant is the duly elected register of deeds for that county, and as such, a public officer. R. L., *c.* 45. It is agreed that the positions held by the individuals employed in the registry are not creatures of statute, but exist wholly at the will of the defendant, and subject to his control. No claim is made that the individuals in question are employed for any reason other than to assist him in the performance of the statutory duties of his office.

The plaintiff concedes that the "registry" of deeds "probably" could be said to be an instrumentality of a political subdivision of the state within the broad definition of an instrumentality as "anything used [by the government] as a means or agency." *Capitol Bldg. & Loan Ass'n* v. *Commission of Labor and Ind.,* 148 Kans. 446, 453. He takes the position however that the defendant himself, in employing assistants, acts in his private capacity, and not as register of deeds or as an instrumentality of government.

With this position we are unable to agree. The individuals in question are employed to assist in the performance of duties imposed by law upon the defendant as a public officer. R. L., *cc.* 45, 46, 49, and 388, *ss.* 3-8. Their wages are paid from funds derived from statutory fees which constitute the sole compensation which the defendant receives. While the compensation of all registers of deeds appears to derive from like sources under the present statute, this has not always been so. See *Murchie* v. *Clifford,* 76 N. H. 99, 101. As recently as 1940, the register of Strafford county and his "office assistant" were paid by salary from the county, in lieu of being entitled to the fees paid by the public. See Laws 1925, *c.* 132; R. L., *c.* 49, *s.* 16. The position of register of deeds is analogous to that of register of probate, a salaried officer, whose deputy and clerks are paid from State and county funds. R. L., *c.* 347. The source of the wages paid to the defendant's employees however is not conclusive of the issue transferred, since their wages are payable without regard to the defendant's income from fees.

The decisive factors appear rather to be that the employees are performing services for the defendant as register of deeds, and

not in any private enterprise; and that in his capacity as register, the defendant is an instrumentality of the county. The latter proposition seems to us to be beyond dispute. He is the means or agency by which the county records of real estate transactions are made and preserved. Similarly it appears to be beyond dispute that the employment of assistants in the registry is occasioned by the duties imposed by law upon the defendant as such an instrumentality, and consists of performance of those duties for the defendant. We therefore hold that their "service" is "performed in the employ of [an] instrumentality of . . . [a] political subdivision" of this state, within the meaning of the statute. *S.* 1 I (4) (g) *supra.*

Authority bearing upon the question thus determined is not profuse. Decisions dealing with the status of court-appointed officials, such as receivers and trustees in bankruptcy, are not in agreement and vary with particular statutory provisions. *Cf.* R. L., c. 218, s. 1 G. In *Gagne* v. *Brush,* 30 F. Supp. 714, 716, the District Court for the District of New Hampshire held that an employee of a trustee in bankruptcy who was paid out of a bankrupt estate, was not within the Social Security Act because the trustee was "an instrumentality of the United States." See also, *In re Park Brewing Co.,* 48 F. Supp. 750; *Comm'r Ins.* v. *Broad St. Mut. Cas. Co.,* 312 Mass. 261. *Cf. Missouri* v. *Gleick,* 135 F. (2d) 134; *The Southern Cross,* 120 F. (2d) 466. See annotation, 143 A. L. R. 984.

Criteria such as those suggested in *Unemployment Comp. Com.* v. *Trust Co.,* 215 N. C. 491, 496, are not wholly inapposite; and the considerations which prompted the Legislature to exempt the State and its subdivisions from the Unemployment Compensation Law may well have been those discussed in *Grafton County* v. *Haverhill,* 68 N. H. 120, 121. While registers of deeds are not presently paid by their respective counties, their compensation nevertheless comes from a somewhat comparable public source, and their duties are governmental in character.

Closely analogous to the instant case is *Matter of Bernstein,* 266 N. Y. App. Div. 459, aff'd, 292 N. Y. 617. There it appeared that a marshal of the city of New York employed the claimant to assist him in the performance of his official duties, paying him out of the fees of the office which constituted the marshal's compensation. The claimant was held to be an "assistant" of the marshal and as such an employee of the city within the

provisions of the Unemployment Insurance Law, and hence not employed by an employer subject to the statute.

Under the provisions of the New Hampshire unemployment law, a like result would be reached were we to hold that the defendant is an "agent" of the county and the county an "employing unit" within the meaning of s. 1 G. The defendant's assistants would then be "deemed to be employed by [the county] for all the purposes of this chapter" (s. 1 G), and hence performing services for an employer which is clearly a political subdivision of the State. S. 1 I (4) (g).

Since we are satisfied that the defendant is an "instrumentality" of the county, however, we deem it unnecessary to determine whether he is likewise its "agent" within the meaning of s. 1 G.

The answer to the transferred question is that the defendant is not required upon the facts stated to make contributions as an employer under the Unemployment Compensation Law.

*Remanded.*

All concurred.