

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 29, 1954

This Opinion Overrules V-191 where conflicts

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. S-141

Re: Eligibility of the liqui-
dator appointed under Arti-
cle 21.28, Texas Insurance
Code, and his employees for
membership in the State Em-
ployees Retirement System.

Dear Mr. Cavness:

Your request for an opinion reads in part as follows:

"Are the liquidator (appointed by the Board
of Insurance Commissioners under the provisions of
Article 21.28, Insurance Code of Texas) and those
operating under him State employees to the extent
that they are eligible for membership and participa-
tion in the Texas Employees Retirement System?

"This question arises in view of the fact that
those persons are members of the Employees Retirement
System and making contributions to it, while at the
same time they are also participating in the Federal
Social Security Act (making contributions) and the Un-
employment Compensation coverage (State and Federal).

"If those persons are State employees we do not
believe they should be under the Social Security and
Unemployment Compensation provisions. If they are not
State employees, then we do not believe they should
be covered by the Employees Retirement System."

Eligibility for membership in the Employees Retirement System
of Texas is determined by the definitions of "department" and "employee"
found in Section 1 of Article 6228a, Vernon's Civil Statutes. These de-
finitions are as follows:

"'Department' shall mean any department, commission,
institution, or agency of the State Government.

"'Employee' shall mean any regularly appointed officer
or employee in a department of the State who is employed on

a basis or in a position normally requiring not less
than nine hundred (900) hours per year, but shall
not include members of the State Legislature or any
incumbent of an office normally filled by vote of
the people;  nor persons on piecework basis;  nor
operators of equipment or drivers of teams whose
wages are included in rental rate paid the owners of
said equipment or team;  nor any person who is
covered by the Teacher Retirement System of the State
of Texas or any retirement system supported with State
funds other than the Texas Employees Retirement System."

Funds from which retirement benefits are paid are made up of
contributions from the employees' compensation and a matching contribu-
tion by the State of Texas, which is charged to the fund "appropriated,
allocated, and provided to pay the salary or compensation of the em-
ployee for whose benefit the contribution is made." Art. 6228a, Sec. 8.

The question for determination is whether Article 21.28 of
the Insurance Code creates a "department, commission, institution, or
agency of the State Government." Section 2 of Article 21.28 provides:

"Whenever under the law of this State a court of
competent jurisdiction finds that a receiver should
take charge of the assets of an insurer domiciled in
this State, the liquidator designated by the Board
of Insurance Commissioners as hereinafter provided for
shall be such receiver.  The liquidator so appointed
receiver shall forthwith take possession of the
assets of such insurer and deal with the same in his
own name as receiver or in the name of the insurer as
the court may direct.

"   . . .

"The Board shall have power to appoint and fix
the compensation of the liquidator and of such special
deputy liquidators, counsel, clerks, or assistans, as
it may deem necessary. The payment of such compensation
and all expenses of liquidation shall be made by the
liquidator out of funds or assets of the insurer on
approval of the Board.  An itemized report of such
expenses, sworn to by the liquidator and approved by
the Board, shall be presented to the court from time
to time, which account shall be approved by the Court
unless objection is filed thereto within ten (10) days
after the presentation of the account . . .  ."

Section 4 of Article 21.28 reads in part:

"The liquidator herein named shall be appointed by
a majority of said Board of Insurance Commissioners, and
shall be subject to removal by a majority of said Board, and
before entering upon the duties of said office, shall file
with the Board of Insurance Commissioners a bond in the sum
of Ten Thousand ($10,000.00) Dollars, payable to the Board
of Insurance Commissioners, and conditioned upon the faith-
ful performance of his duties and the proper accounting for
all moneys and properties received or administered by him."

The statute gives the Board of Insurance Commissioners certain
duties in the liquidation of receivership estates and invests it with
certain power and authority over the liquidator along with the control
exercised by the various courts in which receiverships are pending.

It is our opinion that the liquidator and the employees who are
appointed by the Board of Insurance Commissioners to serve under him come
within the definition of "employee" in the Texas Employees Retirement
Act. The liquidator functions as a receiver under appointment of a court,
but his appointment results from his designation as liquidator by the Board
of Insurance Commissioners. While Article 21.28 of the Insurance Code does
not expressly refer to the liquidator as a subordinate of the Board of In-
surance Commissioners, the import of the statute is that the Board is given
a general supervisory responsibility over the liquidation of insurance com-
panies which is carried out through its agent, the liquidator, who is se-
lected by the Board, is responsible to it for the manner in which he per-
forms his duties, and is subject to discharge by the Board.[1] The liqui-
dator is also responsible to the court, but we are of the opinion that he
is acting as the agent or representative of the Board of Insurance Commis-
sioners in discharging his duties. The Legislature has in effect created
a state agency to handle the liquidation of insurance companies and has
placed the agency under the supervision of the Board of Insurance Commis-
sioners. The motivation back of the statute undoubtedly was the belief
that the establishment of a state agency to administer all insurance
receiverships, with a permanent staff experienced in such matters, would
result in greater efficiency and more satisfactory handling of the affairs
of the companies in receivership. The fact that the insurance business is
one affected with the public interest warrants the establishment of a go-
vernmental agency to handle the receiverships which the courts place in
its hands.

---

[1] The title of the original act providing for the appointment
of a liquidator reads: "An Act concerning the liquidation,
rehabilitation, reorganization or conservation of insurers
and placing same under the Board of Insurance Commissioners;
. . ." (Emphasis supplied) Acts. 46th Leg. R.S. 1939, p.
389.

The creation of the office of liquidator through legislative enactment, the method of his appointment, the supervisions of his duties by an executive department of the State Government, and the permanency of the office all point to the conclusion that this is a state agency and that its employees come within the definition of "employee" in the Employees Retirement Act. The one factor which might cast doubt on this conclusion is the fact the liquidator and the employees under him are paid out of the assets of the companies which are in receivership. Assuming that the sums necessary to meet these expenses could not be looked upon as assessments which become state funds (See Att'y. Gen. Op. V. 191), does the fact that their compensation is paid from a source other than state funds prevent these persons from being classified as state employees? The employer-employee relationship may exist even though the employee is compensated out of funds of a third person. Jones v. Goodson, 121 F. 2d 176 (C. C.A. 10th, 1941) and cases cited at page 179. In our opinion, the fact that these persons are compensated from funds of the companies in liquidation does not negative their status as state employees. Cf. Gagne v. Brush, 30 F. Supp. 714 (D.C. N. Hamp. 1940); In re Park Brewing Co., 48 F. Supp. 750 (W.D.Mich, 1942). In so far as the State Employees Retirement Act is concerned, the statute does not require that members of the Retirement System be paid out of state funds. It requires that the contribution by the State shall be charged to the fund "appropriated, allocated, and provided" to pay the salary or compensation of the employee. Article 21.28 of the Insurance Code makes provision for payment of the compensation of the employees and all expenses of liquidation out of funds or assets of the insurer. The State's matching contribution is a proper expense of liquidation and is payable out of the funds thus allocated and provided.

The holding of this opinion is limited to employees who perform services for the liquidator incident to his receivership duties in winding up the affairs of the companies or in supervising their continued operation, as the case may be, in contradistinction to employees of a company who are retained to continue the business operations of the company. Persons who perform services for the company in carrying on the regular operations for which it was organized are not state employees, although they are under the supervision of the liquidator during the time the receivership continues.

The holding that the liquidator and his staff constitute a state agency is inconsistent with some of the statements made in Attorney General's Opinion V-191 (1947). This opinion overrules Opinion V-191 to the extent of such inconsistency.

You have stated that it is your belief that these employees should not be under the Texas Unemployment Compensation Act (Article 5221b-1 et seq., V.C.S.) and the old-age and survivors insurance provisions of the Social Security Act if they are covered by the Texas Employees Retirement Act. Article 5221b-17(g)(5)(@) provides that employ-

ment shall not include "service performed in the employ of this State or any other state, or of any political subdivision thereof, or any instrumentality of any one or more of the foregoing which is wholly owned by this State or by one or more states or political subdivisions." The Federal Unemployment Tax Act contains a similar provision (26 U.S. C.A. Sec. 1607(c)(7)). Likewise, the Social Security Act (42 U.S.C.A. Sec. 410 (a) (8)) and the Federal Insurance Contributions Act (26 U.S. C.A. Sec 1426(b)(8)) exclude service performed in the employ of a State from coverage under those laws.

It should be noted that the Texas Employees Retirement Act does not exclude from membership persons who are covered by other retirement systems, except systems supported with state funds. Simultaneous coverage of these persons under the Retirement Act and the Social Security Act would not violate the Retirement Act. Any resulting violation would be against the Social Security Act for having included state employees in coverage under that law.

The question of coverage under the federal statutes is a matter for federal interpretation, and a construction by a state executive officer is not binding upon federal authorities. We must conclude that the federal administrative agencies are free to place their own interpretation upon the meaning of "service performed in the employ of a State" as used in the federal statutes. National Campaign Committee v. Rogan, 69 F. Supp. 679, 686 (S. D. Cal. 1945).

With respect to the meaning of this provision in the Texas Unemployment Compensation Act, it has been held that unless a state unemployment compensation act clearly differs from the federal law, it must be assumed that the Legislature intended that they be interpreted alike. Arnold College for Hygiene and Physical Education v. Danaher, 131 Conn. 503, 41 Atl. 2d 89 (1945). It is our conclusion that in enacting the Texas Unemployment Compensation Act the Texas Legislature intended to adopt the construction which the federal authorities placed upon the comparable provision in the federal statutes. This conclusion is strengthened by the fact that the tax would still accrue under the federal statute even though the state statute exempted the employment, if the federal law was construed not to exempt it. Federal administrative authorities have already ruled on the question of unemployment compensation coverage for these employees. While this office might disagree with the federal interpretation, nevertheless we consider it beyond our authority to assume the role of interpreter of this provision in the Texas Unemployment Compensation Act when federal authorities have already construed the similar provision in the federal law. This opinion goes no further than to hold that the liquidator and his employees are covered by the Texas Employees Retirement Act. A reconsideration of the propriety of their also being covered by the Social Security Act and the state and federal unemployment compensation laws will have to emanate from the appropriate federal tuthorities.

### SUMMARY

The insurance liquidator appointed by the Board of Insurance Commissioners under Article 21.28, Texas Insurance Code, and the employees working under him are state employees within the terms of the State Employees Retirement Act (Art. 6228a, V.C.S.) and are eligible for membership in the Employees Retirement System of Texas.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

JOHN DAVENPORT
Reviewer

By

    Mary K. Wall
    Assistant

W. V. GEPPERT
Reviewer

ROBERT S. TROTTI
First Assistant

JOHN BEN SHEPPERD
Attorney General