Strafford
No. 7548

STRAFFORD COUNTY, LEO CORMIER, TREASURER

v.

MARJORIE HOLMES

July 11, 1977

*R. Hamilton Krans, Jr.,* county attorney, by brief and orally for the plaintiff.

*Nighswander, Lord, Martin & KillKelly,* of Laconia *(Mr. David J. KillKelly* orally), for the defendant.

LAMPRON, J.   Action by Strafford County to recover certain monies received by its former register of deeds. The Trial Court *(Dunfey,* J.) transferred without ruling six questions of law raised by an agreed statement of facts of the parties.

Transferred questions No. 1, 2, and 3 deal with monies received by the register from the Rochester Savings Bank, the Manchester Credit Bureau, and the State of New Hampshire, for services rendered between May 1, 1969, and January 1, 1974. The answer to each of these questions is "No," the register is not required to pay over such monies to the county treasurer. Questions No. 4 and 5 deal with monies received for the same services rendered to the Rochester Savings Bank and the Manchester Credit Bureau between January 1, 1974, and December 31, 1974. The answer to each of these questions is "Yes," the register is required to pay over such monies to the county treasurer. Question No. 6 deals with penalties under RSA 478:16 for "neglect" by the register of any duty imposed upon her by that chapter. The answer is "No," the defendant is not liable for a penalty in the amount of $20 per month for the period of January 1, 1974, to December 31, 1974.

I. Monies received from the Rochester Savings Bank and the Manchester Credit Bureau from May 1, 1969, to January 1, 1974.

Prior to January 1, 1968, RSA 478:18 provided that the register of deeds for Strafford County was "to receive as compensation the full amount of all fees received by him by virtue of his office and shall not be entitled to other compensation from the county . . . ." The duties of the register were to carefully keep in the office provided by the county "all books, records, files and papers belonging thereto." RSA 478:1. The register was to receive, file and record

for the legal fees further specified, RSA 478:17, "all deeds and instruments brought for that purpose, and shall examine the records and give certificates or copies thereof when required." RSA 478:4. Fees in specified amounts were fixed for "recording or copying" each page of any "deed or other paper" as well as "for every certificate . . . for discharging a mortgage . . . or for recording an assignment." RSA 478:17.

Laws 1967, 442:1 struck out RSA 478:18 which provided that the register "was to receive as compensation the full amount of fees collected" and substituted, effective January 1, 1968, the following new sections. "478:18 Salary. The register of deeds for Strafford county shall be paid an annual salary . . . . The salary of said register shall be paid in equal monthly installments. [and] 478:18-a Receipts. The said register of deeds shall pay over monthly to the county treasurer all fees received by him as such register." No changes were made in the duties of the register. The activities for which fees were to be paid were not changed except to make additions thereto, not material to this case, and to increase the amount of the fees to be paid.

■■ Whatever the form, be it fees or a salary, the compensation of the register of deeds as a public officer is usually fixed by statute. 63 Am. Jur. 2d *Public Officers And Employees* § 360 (1972). The compensation is paid for the performance of the duties required by that office. *Brown v. Corriveau*, 99 N.H. 22, 24, 104 A.2d 516, 518 (1954); *In re Estate of Kaindl*, 348 Ill. App. 300, 307, 108 N.E.2d 825, 828 (1952). When the register has performed her statutory duties she is not required to do more. *Burlingame v. Hardin County*, 180 Iowa 919, 925, 164 N.W. 115, 117 (1917). Hence, the county cannot rightfully lay claim to any income received by the register for services beyond those required by her office of register of deeds as there is no statute covering such extra services. *Anderson v. Hinman*, 138 Mont. 397, 408–09, 357 P.2d 895, 901 (1960); 63 Am. Jur. 2d *Public Officers and Employees* § 383 (1972).

■ It is agreed that during the period between May 1, 1969, and December 31, 1973, the defendant received $4,313.00 from the Rochester Savings Bank for updating titles to real estate in which the bank was interested from the time of a prior search of title to the closing of the transaction involved. It is also agreed that during that same period the defendant received $1,770.82

from the Manchester Credit Bureau for services rendered. These consisted of filling out cards furnished by the bureau indicating the transactions which had taken place in the registry during a particular week.

Plaintiff relies on RSA 478:18-c which provides set fees to be charged for certain recordings made by the register of deeds. One of these is a charge for "copying" any document such as deeds, mortgages, leases, agreements or other transactions. Plaintiff also relies on RSA 478:4 which provides that the register shall give "certificates or copies" of the above documents for the legal fees when required. We cannot equate the furnishing of information of transactions in the registry by means of filling out cards furnished by the Manchester Credit Bureau as coming within the above provisions. Nor can we hold that the updating of an abstract of title constitutes "a certificate or copies" of the instruments which the register is mandated to furnish for a fee under the above statutes. *Moore v. Sheppard*, 144 Texas 537, 540, 192 S.W.2d 559, 560 (1946).

We therefore find unacceptable the contrary reasoning in *Board of County Commissioners v. Dickey*, 86 Minn. 331, 90 N.W. 775 (1902), relied on by the plaintiff. Rather, we adopt the reasoning of cases which hold that services similar to those rendered by the defendant to the Rochester Savings Bank and to the Manchester Credit Bureau are voluntary unofficial services which do not come within the services for which a fee is set by statute. *Anderson v. Hinman*, 138 Mont. 397, 408–09, 357 P.2d 895, 901 (1960). Therefore, these services do not come within the terms of RSA 478:18-a which required the "register of deeds to pay over monthly to the county treasurer all fees received by him as such register."

II. Monies received by the register from the State of New Hampshire as commissions under RSA 78-B:8 during the period May 1, 1969, to January 1, 1974.

It is agreed that the defendant received $7,085.92 from that source during that period. RSA 78-B:8 entitled "Administration" provides in part as follows: "Each register of deeds shall be paid for his services four per cent of the face value of the stamps or other indicia of payment of the tax [on transfer of real property] sold in his registry, and all such taxes so collected shall be remitted to the tax commission monthly or oftener. Each register of deeds shall give bond in such form and amount as the tax commission

shall determine and the cost thereof shall be paid by the state as an expense of administering this chapter."

█ This provision is very similar to RSA 78:9 pertaining to the administration of the tobacco tax. It provides that stamps to be affixed to tobacco products by wholesalers and subjobbers be sold to them at a discount to compensate them for affixing these stamps to those products. The purpose of these taxes is to provide revenue for the State of New Hampshire and not for the county of Strafford. The register of deeds is thus performing a state function and not a county function mandated by his statutory duties as register of deeds. It follows that the compensation received therefor does not constitute fees which are to be remitted to the county under RSA 478:18-a and may be kept by the register as remuneration for services not required by his office as register of deeds for Strafford County. *See O'Brien v. Manchester,* 84 N.H. 492, 495, 152 A. 720, 721 (1930); 63 Am. Jur. 2d *Public Officers And Employees* § 383 (1972); 67 C.J.S. *Officers* § 88 (1950).

III. Monies received from the Rochester Savings Bank and the Manchester Credit Bureau from January 1, 1974, to December 31, 1974, for performing the services hereinbefore described.

Laws 1973, 415:2, effective January 1, 1974, now RSA 478:17-i (Supp. 1975), provides as follows: "Each register of deeds . . . shall pay over to his county treasurer, for use of the county, all *fees* received by him as such register and all *charges* paid to him for services arising out of or because of his office, including but not limited to payments for duties under RSA 78-B:8." (Emphasis added.) We are of the opinion that the addition of "charges" to "fees", previously required to be paid to the county treasurer under RSA 478:18-a, manifests an intent on the part of the legislature to broaden the type of remuneration which the register is to turn over to the county.

█ It is more probable than otherwise that the savings bank and the credit bureau chose the register to do their work because they were of the opinion that she was in a position to render the services in question more economically than one who did not occupy the post of register. We can therefore conclude that the legislature intended to reach by the words "charges paid to him for services arising . . . because of his office" the compensation for services in addition to those mandated by the office for which fees are provided. We hold therefore that the defendant is required to

pay over to the county treasurer the sum of $567.00 received from the Rochester Savings Bank and $410.78 from the Manchester Credit Bureau during the period from January 1, 1974, to December 31, 1974. The commissions received from the State of New Hampshire during that period have been paid over to the plaintiff and are not in issue.

IV. Penalty under the terms of RSA 478:16.

█ This section provides as follows: "[If] the register shall neglect any duty imposed by this chapter he shall forfeit twenty dollars, to be recovered by an action of debt, in the name of the treasurer, for the use of the county, and shall be liable to an action on his bond." The duty in question is the obligation to pay to the treasurer the charges for services received by the defendant from the Rochester Savings Bank and the Manchester Credit Bureau between January 1, 1974, and December 31, 1974. These were to be paid monthly according to the provisions of RSA 478:18-a. However, on the facts of this case we are of the opinion that a penalty is not justified.

*Remanded.*

DOUGLAS, J., did not sit; the others concurred.